DECISION AND JUDGMENT ENTRY
This accelerated appeal is from the June 14, 2000 judgment of the Lucas County Court of Common Pleas which sentenced appellant following his jury conviction of violating R.C. 2911.02(A)(3), robbery. On appeal, appellant asserts the following assignments of error:
 "ASSIGNMENT OF ERROR NO. 1: APPELLANT'S CONVICTION IS NOT SUPPORTED BY THE MANIFEST WEIGHT OF THE EVIDENCE.
 "ASSIGNMENT OF ERROR NO. 2: THE TRIAL COURT COMMITTED ERROR IN ORDERING APPELANT [SIC] TO PAY COURT-APPOINTED COUNSEL FEES WITHOUT FIRST MAKING A FINDING AS TO APPELLANT'S ABILITY TO PAY.
 "ASSIGNMENT OF ERROR NO. 3: APPELLANT WAS PROVIDED INEFFECTIVE ASSISTANCE OF COUNSEL AT SENTENCING WHEN HIS ATTORNEY FAILED TO OBJECT TO THE ERROR SET FORTH IN ASSIGNMENT OF ERROR NO. 2."
Appellant first challenges that his conviction was contrary to the manifest weight of the evidence. A challenge to the weight of the evidence questions whether the greater amount of credible evidence was admitted to support the conviction than not. State v. Thompkins (1997),78 Ohio St.3d 380, 386-390.
R.C. 2911.02(A)(3) provides that "[n]o person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall * * * [u]se or threaten the immediate use of force against another." The state presented evidence in this case from both the police officer who observed the crime and appellant's accomplice. Both individuals testified that appellant approached the victim and struck him in the face with a closed fist. When the victim fell to the ground, appellant began to search his pockets. We find that the conviction was supported by the evidence. Appellant's first assignment of error is not well taken.
Appellant's second assignment of error is well-taken based upon our holdings in State v. Golladay (Dec. 29, 2000), Lucas App. Nos. L-00-1092, L-00-1093, and L-00-1094, unreported, and State v. Brown
(Nov. 19, 1999), Lucas App. No. L-97-1332, unreported.
Because our ruling as to appellant's second assignment of error results in a partial reversal of the trial court's sentencing judgment, appellant's third assignment of error is rendered moot.
Having found that the trial court did commit error prejudicial to appellant, the judgment of the Lucas County Court of Common Pleas is reversed in part. The judgment is reversed only with respect to the order that appellant pay his court-appointed counsel fees. In all other respects, the judgment is affirmed. Pursuant to App.R. 24, appellant and appellee are ordered to equally share the appellate court costs.
JUDGMENT REVERSED, IN PART, AND AFFIRMED, IN PART.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 ______________________________ Peter M. Handwork, J.
 Melvin L. Resnick, J., Richard W. Knepper, J. CONCUR.